UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
BENSON LIU,

       Plaintiff,

  -against-

NEW YORK CITY HOUSING
AUTHORITY,

       Defendant.
----------------------------------------------------X

REPORT AND
RECOMMENDATION

21 CV 4132 (LDH)(RML)

LEVY, United States Magistrate Judge:

      By order dated August 9, 2021, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion to remand to me for report and recommendation. I heard oral argument on November 16, 2021, after which the parties filed additional submissions. For the reasons stated below, I respectfully recommend that plaintiff's motion be denied.

      Plaintiff *pro se* Benson Liu ("plaintiff") commenced this case in New York Supreme Court, Queens County, in June 2021. Defendant New York City Housing Authority ("defendant" or "NYCHA"), which received the complaint on June 22, 2021, removed it to this court on July 22, 2021. (Notice of Removal, dated July 22, 2021, Dkt. No. 1.) Plaintiff moves to remand this case to state court, where he had moved for a default judgment on July 12, 2021.[1] (See Plaintiff's Motion to Remand, sworn to July 28, 2021, Dkt. No. 4.)

      The federal Violence Against Women Act ("VAWA") requires local public housing authorities receiving federal funds to give a preference in housing admission and

---

[1] Defendant maintains that plaintiff's motion for default judgment was untimely, as it was filed before NYCHA's responsive pleading would have been due pursuant to N.Y. C.P.L.R. § 3012, and at any rate that defendant properly removed plaintiff's action within the thirty-day period allowed under 28 U.S.C. § 1446(b)(1). (Letter of Sean-Patrick Wilson, Esq., dated Aug. 6, 2021, Dkt. No. 6.)

selection to victims of domestic violence. See 34 U.S.C. § 12475(c)(2)(B). According to the complaint, plaintiff is on the waiting list for NYCHA public housing and has requested a priority status upgrade under NYCHA's Tenant Selection and Assignment Plan on the basis that he qualifies as a victim of domestic violence under VAWA. (See Complaint, dated June 19, 2021, Dkt. No. 1-1, ¶ 9, Exs. C, D and E.) NYCHA has denied plaintiff's multiple requests for priority status on the ground that the information and supporting documentation plaintiff submitted failed to establish his bona fide status as a victim of domestic violence under VAWA. (Id.)

As defendant correctly notes, because VAWA is a federal statute, the United States District Court for the Eastern District of New York has original subject matter jurisdiction to adjudicate plaintiff's complaint pursuant to 28 U.S.C. § 1331.[2] (Letter of Sean-Patrick Wilson, Esq., dated Aug. 6, 2021, Dkt. No. 6.) Plaintiff's complaint was therefore properly removed to federal court under 28 U.S.C. § 1441(a), and plaintiff has presented no grounds for remand. I therefore respectfully recommend that plaintiff's motion be denied.

Any objection to this report and recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge DeArcy Hall and to my chambers, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
February 7, 2022

---

[2] 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."