UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENSON LIU,<br><br>                      Plaintiff,<br>v.<br><br>NEW YORK CITY HOUSING AUTHORITY,<br><br>                      Defendant. | **MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>21-CV-4132 (LDH) (RML) |

L*A*SHANN D*E*ARCY HALL, United States District Judge:

Benson Liu ("Plaintiff"), proceeding pro se, commenced this litigation against the New York City Housing Authority ("Defendant") in New York Supreme Court, Queens County, on June 22, 2021. (Not. of Removal, Ex. 1 ("Compl."), ECF No. 1-1.) Plaintiff alleges that he is on the waiting list for Defendant's public housing and requested a priority status upgrade on the basis that he qualifies as a victim of domestic violence under the Violence Against Women Act ("VAWA"). (*See generally* Compl.; *see also id.*, Ex. E.) Plaintiff alleges that Defendant wrongfully denied his request and denied him a "fair hearing." (*Id.* ¶¶ 9, 11–12.) Specifically, Plaintiff alleges that Defendant "misunderstood the law VAWA" when denying his request. (*Id.* ¶ 9.)

Defendant timely removed the case to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). On July 28, 2021, Plaintiff moved for remand, arguing that removal was improper because Plaintiff filed a motion for default judgment in state court. (Mot. for Remand ¶ 6, ECF No. 4.) Plaintiff's motion was referred to Magistrate Judge Robert M. Levy for report and recommendation by order dated August 9, 2021. On February 7, 2022, Judge Levy issued his report and recommendation ("R&R"), recommending that the Court deny Plaintiff's motion for remand because Plaintiff's claims arise

under VAWA, a federal statute.  (R&R at 2, ECF No. 12.)  Plaintiff objected to Judge Levy's recommendation, arguing that (1) this case need not be dealt with in federal court because VAWA "is not a constitutional law" nor is Defendant a federal agency and that (2) Plaintiff's filing of a motion for default judgment in state court warrants remand.  (Pl.'s Objs. at 1, ECF No. 14.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection.  *Id*.  "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

*First*, contrary to Plaintiff's assertion, the Court's jurisdiction is not limited to hearing matters only concerning the Constitution or federal agencies.  Indeed, under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Further, "any civil action brought in a [s]tate court" over which the Court has "original jurisdiction, may be removed by the [Defendant] to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Here, Plaintiff's claims arise under VAWA, a federal statute which requires housing agencies receiving federal assistance to give preference in admission to victims

of domestic abuse. 34 U.S.C. § 12475(c)(2)(B). Defendant filed a notice of removal within 30 days of receiving its receipt of the summons and complaint on June 22, 2021, a fact Plaintiff does not dispute. (Not. of Removal ¶¶ 1–2.) Thus, removal to this Court was proper. Accordingly, Plaintiff's objection that remand was improper because VAWA is "not a constitutional law" and Defendant not a federal agency is overruled.

*Second*, the fact that Plaintiff filed a motion for default in the state court proceeding has no bearing on whether this case was properly removed. To be clear, Plaintiff does not contend that default judgment was entered in the state court proceeding. Instead, Plaintiff insists that this case be remanded on the speculative notion that Plaintiff's motion for default judgment has merit. (Pl.'s Objs. ¶¶ 6–7 (stating that Defendant's notice of removal is a "half-truth document" that "covered up" information concerning Plaintiff's pending motion).) The Court will not rely on such speculation. Plaintiff's objection concerning his motion for default judgment is overruled.

\* \* \*

Plaintiff's complaint plainly presents a question of federal law, and Defendant timely removed the case to this Court. Accordingly, the Court agrees with Judge Levy's determination that this Court has subject matter jurisdiction in this matter. As a result, Plaintiff's motion for remand is denied.

## CONCLUSION

For the foregoing reasons, Judge Levy's R&R is ADOPTED in its entirety as the opinion of this Court. Plaintiff's motion for remand is DENIED. The Clerk of Court is respectfully directed to mail a copy of this memorandum and order to the pro se Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　　/s/ LDH
　　　　March 28, 2022　　　　　　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge